IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

FILED
U.S. DISTRICT COURT

2007 AUG 10  A 10 38

R Clk

LAWRENCE FLEMING,                    )
                                     )
        Petitioner,                  )
                                     )
    v.                               )        CIVIL ACTION NO.:CV206-299
                                     )
CALVIN MORTON, Warden, and           )
JAMES DONALD, Commissioner,          )
                                     )
        Respondents.                 )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Lawrence Fleming ("Fleming"), an inmate currently incarcerated at D. Ray James Prison in Folkston, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a conviction obtained in the Superior Court of Glynn County, Georgia. Respondent filed a Motion to Dismiss, and Fleming filed a Response. For the following reasons, Respondent's Motion to Dismiss should be **GRANTED**.

### STATEMENT OF THE CASE

Fleming was convicted of possession of cocaine with intent to distribute after pleading guilty in the Superior Court of Glynn County, Georgia on December 10, 2001. (Doc. No. 1, p. 4). Fleming filed a motion for an out of time appeal on September 3, 2003, and it was denied by the trial court on September 18, 2003. (Doc. No. 6-2, p. 1). Fleming filed a notice of appeal on October 13, 2003, and his appeal was denied by the Georgia Court of Appeals on March 19, 2004. (Id.). His motion for reconsideration was denied by the Georgia Court of Appeals on April 5, 2004. (Id.). Fleming then filed a

state habeas petition in Charlton County on September 9, 2004, which was denied on October 11, 2005. (Id.). On November 21, 2006, the Georgia Supreme Court denied Fleming's application for a certificate of probable cause to appeal the state habeas decision. Fleming filed the instant petition on December 19, 2006. (Doc. No. 1).

Fleming asserts that the Georgia Court of Appeals erred in denying his appeal, that he received ineffective assistance of counsel, that he was denied a full and fair state habeas evidentiary hearing, and that the Georgia Supreme Court erred in failing to address the merits of his application for a certificate of probable cause to appeal his state habeas decision. (Doc. No. 1, p. 7). Respondent asserts that Fleming's petition should be dismissed as untimely.

## DISCUSSION AND CITATION OF AUTHORITY

A prisoner must file a petition for writ of habeas corpus in federal court within one (1) year. 28 U.S.C. § 2244(d)(1). This statute of limitations period shall run from the latest of four possible dates:

The limitation period shall run from the latest of--

(A) the date on which the judgment of conviction becomes final by the conclusion of direct review or the expiration of time for seeking such review;

(B) the date on which the impediment to filing an application by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

Fleming's conviction became final at the time of his completion of the direct review process or at the time for seeking such review became final. 28 U.S.C. § 2244(d)(1)(A); Coates v. Byrd, 211 F.3d 1225, 1226 (11th Cir. 2000). Fleming was convicted in the Glynn County Superior Court on December 10, 2001, and he did not file a direct appeal within 30 days of that date. Thus, Fleming's conviction became final on or about January 10, 2002. See O.C.G.A. § 5-6-38 (noting that a notice of appeal shall be filed within 30 days after entry of the appealable decision or judgment complained of). Fleming then had one year from that date in which to seek federal habeas corpus relief. Accordingly, January 10, 2003 would have been the latest possible date by which Fleming could have filed his federal petition absent some tolling of the limitations period. The statute of limitation had elapsed by the time Fleming filed his motion for out of time appeal on September 3, 2003.

The applicable statue of limitation is tolled during "[t]he time . . . which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C.A. § 2244(d)(2). Though Fleming did pursue a state habeas action, the limitations period would not have been tolled during that time because the one-year period ended on January 10, 2003, more than twenty months prior to the filing of Fleming's state habeas application.

Fleming does not, in fact, claim to be entitled to statutory tolling, but instead asserts that the Court should consider an equitable tolling of the limitations period. Equitable tolling is available "to prevent the application of the AEDPA's statutory

deadline when 'extraordinary circumstances' have worked to prevent an otherwise diligent petitioner from timely filing his petition." Drew v. Dept. of Corr., 297 F. 3d 1278, 1286 (11th Cir. 2002). The "extraordinary circumstances" must be beyond the petitioner's control and unavoidable, even when he has acted with "diligence" in attempting to make a timely filing. Jones v. Nagle, 349 F.3d 1305, 1308 (11th Cir. 2003); Drew, 297 F.3d at 1286. Equitable tolling is an extraordinary remedy, and is therefore applied sparingly. Drew, 297 F.3d at 1286. In determining whether equitable tolling is proper in a given case, the burden falls squarely on the petitioner to establish that the facts of his case warrant its application. Id.

Fleming contends that he attempted repeatedly to obtain transcripts of his plea hearing and sentencing hearing from the Glynn County Superior Court, but that all his requests were denied because of his indigent status. (Doc. No. 10, p. 1). Fleming asserts that it was not until May 6, 2003 that he obtained the transcripts in question, which were necessary to prove certain of his claims. In support of this claim, Fleming submits one order from Glynn County Superior Court, dated November 15, 2002, which denied his motion for a transcript and explained that under state law, "a request for court records at public expense must include a copy of a pending or proposed habeas corpus petition . . . ." (Doc. No. 10, Exh. 2). Fleming has offered no further detail as to his attempts to obtain documentation from the trial court. He has not listed or documented specific requests that were made, and the single Glynn County court order submitted appears to deny a single motion and does not provide any indication of the "several motions" that Fleming claims to have filed. Additionally, the order provided did not leave Fleming without option, but instead gave him specific instructions as to what

documentation was necessary to obtain court records at public expense. This certainly would not constitute an "extraordinary circumstance" that was beyond Fleming's control. Fleming ultimately fails to provide evidence to support a finding that he acted with diligence and that his untimely filing was the result of any "extraordinary circumstances" beyond his control. Accordingly, the facts do not establish that Fleming is entitled to equitable tolling of the limitations period.

## CONCLUSION

For the above reasons, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss (Doc. No. 6) be **GRANTED**.

**SO REPORTED** and **RECOMMENDED** this ___10___ day of August, 2007.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)